Rebecca J. Hozubin, Esq.
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email: rebecca@akdefenselaw.com
Alaska Bar No. 9806016

*Attorneys for Country Mutual Insurance Co.*

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE CO.,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAM J. KAMBIC, JR. and WELLS FARGO BANK, N.A.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:21-cv-_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT ACTION

Country Mutual Insurance Company, by and through its counsel of record, Hozubin, Moberly & Associates, pursuant to 28 U.S.C. §§ 2201 & 2202 and 28 U.S.C. § 1332, hereby asserts its *Complaint for Declaratory Judgment Action* as follows:

1. Country Mutual Insurance Company ("Country") is a mutual insurance company formed under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois. Country issued policy number A54K5224230 listing William Kambic as the named insured with a policy term of September 5, 2019 until September 5, 2020. The policy was renewed on September 5, 2020 for another year term.

2. Country is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. On information and belief, Defendant William Kambic ("Kambic") is and was a citizen of either California or Alaska at all relevant times.

4. On information and belief, Defendant Wells Fargo Bank N.A. ("Wells Fargo") is a national banking association organized under the laws of the United States of America. At all relevant times, Wells Fargo's main office was located in Sioux Falls, South Dakota, and is and was a citizen of South Dakota.

5. This is an action for declaratory relief under 28 U.S.C. §2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. §2202.

6. This Court has subject matter jurisdiction under 28 U.S.C. §1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Country being considered a resident of the State of Illinois, Kambic being a resident of either Alaska or California, and Wells Fargo being a resident of South Dakota.

7. In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the damages allegedly occurred in this district, and the underlying state court action for this matter was originally filed within this district.

8. Kambic contacted a Country agent in Fairbanks, Alaska, Angela Ritchie, to procure insurance on the 18435 Jasmine Lane Road, Chugiak, Alaska, property.[1]

9. Kambic requested an effective date for the policy of September 5, 2019.[2]

10. Kambic represented that his mailing address was 18435 Jasmine Lane Road in Chugiak, the same location that was to be insured.[3] This was false.

11. Kambic listed the only additional interest as First National Bank Alaska, a mortgagee.[4] This was false.

12. Kambic further represented that the home would be "owner occupied."[5] This was false.

13. Finally, Kambic represented that there was no unrepaired damage or deteriorated conditions to the property listed on the application.[6]

14. On September 9, 2019, Kambic signed the application that contained the following language:

> I declare that I have read this application, that the above statements and facts are true, and that no material facts have been suppressed or misstated….
>
> THIS APPLICATION IS PART OF THE POLICY CONTRACT AND ANY MISREPRESENTATION OR FALSE STATEMENT THAT IS MATERIAL TO THE ACCEPTANCE OF THE RISK MAY VOID THE POLICY.[7]

---

[1] Exhibit A at HMA100139.
[2] *Id*.
[3] *Id*.
[4] *Id*.
[5] *Id*. HMA100140.
[6] *Id*.
[7] *Id*. HMA100141.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION
*Country Mutual Insurance Co. v. Kambic et al.*
3:21-cv-_____
Page 3

Case 3:21-cv-00042-JMK   Document 1   Filed 02/23/21   Page 3 of 10

15. The certified policy was then issued effective September 5, 2019 until September 5, 2020.[8]

16. The policy was renewed effective September 5, 2020 until September 5, 2021.

17. The policy language provides:

> **Definitions (Includes Limitations)**
> **A.** In this policy, "you" and "your" refer to the person shown in the Declarations as INSURED and that person's spouse if a resident of the same household. "We", "us" and "our" refer to the company providing this insurance.
> **7.** "Insured" means:
> **a.** "You" and residents of "your" household who are…
>
> *******************************
>
> **AGREEMENT**
> "We" will provide the coverages "you" have purchased through the company named in the Declarations if "you" have paid the premiums and have complied with the policy provisions. When "we" refer to the policy "we" mean this policy booklet (titled Home Insurance Policy), applications for insurance, Declarations, and any applicable endorsements. This policy booklet describes the coverages "you" have purchased and may include descriptions of other coverages "you" have not purchased. The coverages and limits of liability "you" have purchased are stated in the Declarations that are in effect at the time of any loss, injury or damage, and are subject to the limits of liability, exclusions, conditions and other terms of the policy. A coverage applies only when that coverage is listed in the "Descriptions of Coverage" column on the Declarations.
>
> *******************************
> **Additional Living Expense- Rental Value,**
> **Coverage E (Includes Limitations)**
>
> The limit of liability show in the Declarations is the total limit for the coverage in **1. Additional Living Expense, 2. Fair Rental Value** and **3. Civil Authority Prohibits Use.**
>
> **1. Additional Living Expense**

---

[8] Exhibit B, HMA100001-100051.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION
*Country Mutual Insurance Co. v. Kambic et al.*
3:21-cv-_____
Page 4

Case 3:21-cv-00042-JMK   Document 1   Filed 02/23/21   Page 4 of 10

If a covered loss under **SECTION 2** makes that part of the "residence premises" where "you" reside not fit to live in, "we" cover any necessary increase in living expenses incurred by "you" so that "your" household can maintain its normal standard of living. Payment will be for only the shortest time reasonably required to repair or replace the damage or, if "you" permanently relocate, the shortest time reasonably required for "your" household to settle elsewhere.

*******************************
**Conditions– SECTIONS 2 through 6 (Includes Limitations)**
**A. Insurable Interest And Limit Of Liability**

Even if more than one person has an insurable interest in the property covered, "we" will not be liable in any one "occurrence":
**1.** To an "insured" for more than the amount of such "insured's" interest at the time of loss; or
**2.** For more than the applicable limit of liability.

**B. Duties After Loss**
In case of a loss, "we" have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to "us". These duties must be performed either by "you", an "insured" seeking coverage, or a representative of either:
**6.** Cooperate with "us" in the investigation of a claim;
**8.** As often as "we" reasonably require:
**a.** Show the damaged property;
**b.** Provide "us" with records and documents "we" request and permit "us" to make copies; and
**c.** Submit to examinations under oath, outside the presence of all other "insureds", and sign the same within a reasonable amount of time of "our" request, after having been informed:
**(1)** of "your" right to counsel; and
**(2)** that "your" answers may be used against "you" in later civil proceedings or criminal proceedings;
**10.** Notwithstanding any other provisions in **SECTIONS 2** through **6**, all claims under this policy must be brought within one year of the date of "occurrence".
**G. Suit Against Us**
No action can be brought against "us" unless there has been full compliance with all of the terms under **SECTIONS 2 through 6** of this policy. Further, any suit or action will be barred unless commenced within three years after the date of a breach of this policy.
**O. Concealment Or Fraud**

"We" do not provide coverage to an "insured" under this policy in any case involving misrepresentations, omissions, concealment of facts, or incorrect statements:
**1.** That are fraudulent;
**2.** That are material either to the acceptance of the risk, or to the hazard assumed by "us"; or
**3.** If "we", in good faith, would not have:
**a.** Issued the policy or contract;
**b.** Issued a policy or contract in as large an amount, or at the same premium or rate; or
**c.** Provided coverage with respect to the hazard resulting in the loss; if the true facts had been made known to "us" as required either by the application for the policy or contract or otherwise.

*******************************

**B. Standard Mortgage Clause**
The word mortgagee includes trustee.

**1.** If a mortgagee is named in this policy, any loss payable under **Dwelling, Coverage C** or **Auxiliary Private Structures, Coverage F** will be paid to the mortgagee and "you", as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

*******************************

**General Policy Conditions (Includes Limitations)**
**D. Cancellation**
**1.** "You" may cancel this policy at any time by returning it to "us" or by letting "us" know in writing of the date cancellation is to take effect.
**2.** "We" may cancel this policy only for the reasons stated below.
**a.** Nonpayment of premium;
**b.** When this policy has been in effect for less than 60 days and is not a renewal with "us", "we" may cancel for any reason;
**c.** When this policy has been in effect for 60 days or more, or at any time if it is a renewal with "us", "we" may cancel only for the reasons stated below**:**
**(1)** Conviction of an "insured" of a crime having as one of its necessary elements an act increasing a hazard insured against;
**(2)** Discovery of fraud or material misrepresentation made by an "insured" or a representative of an "insured" in obtaining the insurance or by an "insured" in pursuing a claim under the policy;

**(3)** Discovery of a grossly negligent act or omission by an "insured" that substantially increased the hazards insured against; or
**(4)** Physical changes in the insured property that results in the property becoming uninsurable.
**d. Notice of Cancellation**
In the event "we" do cancel, "we" will notify "you" (and if "you" are 70 years of age or older, any person "you" designated to "us" in writing) in writing of the date cancellation takes effect at least:
**a.** 10 days before the date cancellation takes effect if "we" cancel for:
**(1)** Conviction of an "insured" of a crime having as one of its necessary elements an act increasing a hazard insured against; or
**(2)** Discovery of fraud or material misrepresentation made by an "insured" or a representative of an "insured" in obtaining the insurance or by an "insured" in pursuing a claim under the policy;
**b.** 20 days before the date cancellation takes effect if "we" cancel for nonpayment of premium; or
**c.** 30 days before the date cancellation takes effect if "we" cancel for any other reason. Proof of mailing will be sufficient proof of notice. This cancellation notice will be mailed to "you" at "your" last address known to "us", and "we" will obtain a certificate of mailing.
**3.** When this policy is canceled, the paid premium for the period from the date of cancellation to the expiration date will be refunded pro rata.
**4.** If "we" cancel, reject, or rescind this policy, "we" will return or credit any unearned premium to the agent or broker of record or directly to "you":
**a.** within 45 days after notice of cancellation is given if "we" cancel this policy for the reasons stated in Para-graphs **2. a.**, **b.**, and **c.**
**b.** for any reason other than stated in **4. a.**, before the effective date of cancellation.
**5.** If "you" cancel this policy, "we" will return or credit any unearned premium to the agent or broker of record or directly to "you" within 45 days of the "we" receive "your" request for cancellation or the effective date of cancellation, whichever is later.

18. "On December 16, 2020, Mr. Kambic's attorney notified Wells Fargo's attorney that Mr. Kambic had returned to the property to find serious water damage caused by leaks."[9]

---

[9] *Kambic v. Wells Fargo et al.*, 3:20-cv-00120-SLG, at Dkt. 84, Order regarding Preliminary Injunction at 2, citation omitted.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION
*Country Mutual Insurance Co. v. Kambic et al.*
3:21-cv-_____
Page 7
Case 3:21-cv-00042-JMK   Document 1   Filed 02/23/21   Page 7 of 10

19. On January 7, 2021, Country was notified by counsel for Wells Fargo that Wells Fargo should have been listed on the policy as an additional insured, as First National Bank Alaska no longer held a deed of trust on the property.[10]

20. Country also learned that the property at issue went into default in September 2018, and was sold at auction in December 2018.

21. First National Bank Alaska's interest in the property was purchased by Wells Fargo.

22. As of February 2019, Wells Fargo held title to the property and was the listed owner of the property.

23. Country advised Wells Fargo that Kambic and his attorney had advised that Wells Fargo should have been listed. It was further stated that:

> No commitments or guarantees have been made regarding coverage or payments as we are still performing our investigation into the matter. At no time did we advise that payment would be jointly payable to the contractor and Wells Faro as we were not aware that Wells Fargo was an involved party. When Mr. Kambic purchased the policy in September 2019 he provided FNBA as the lienholder.[11]

24. On January 13, 2021, Country issued a reservation of rights to Kambic reserving all rights regarding coverage in this matter.[12]

25. Since that time, Country discovered that Kambic filed suit in state court against Wells Fargo for declaratory and injunctive relief as well as damages, *Kambic v. Wells*

---

[10] Exhibit C, HMA100144-149, at HMA100146.
[11] *Id.* at HMA100145.
[12] Exhibit D, HMA100065-100070.

COMPLAINT FOR DECLARATORY JUDGMENT ACTION
*Country Mutual Insurance Co. v. Kambic et al.*
3:21-cv-_____
Page 8
Case 3:21-cv-00042-JMK   Document 1   Filed 02/23/21   Page 8 of 10

*Fargo N.A., et al.*, 3AN-19-06733CI.[13] That suit was filed on May 2, 2019, four months before Kambic applied for the Country policy of insurance.

26. Kambic did not disclose to Country that the property had been foreclosed upon and sold, or that there was active litigation involving the property.

27. Kambic did not have an insurable interest in the property at the time he sought the coverage from Country for the property.

28. Further, Kambic made several material misrepresentations and omitted significant material facts at the time he applied for the insurance at issue. The policy should be declared void *ab initio*.

29. A real and substantial controversy exists as to whether Country has a duty of coverage for the claims for water damage being asserted by Kambic and/or Wells Fargo.

30. A real and substantial controversy exists regarding whether or not Kambic complied with all relevant conditions and obligations required to obtain insurance coverage provided by insurance policy number A54K5224230.

31. A real and substantial controversy exists regarding whether or not Kambic made material misrepresentations or omissions in his application for insurance that would void the policy *ab initio*.

32. The matter in controversy exceeds the sum of $75,000 exclusive of costs, interest, and attorney fees.

---

[13] Exhibit E, Alaska Superior Court Complaint.

## Prayer For Relief

Having set forth its *Complaint for Declaratory Judgment Action*, Country prays for judgment as follows:

1. For a declaratory judgment determining that the Country insurance policy number does not provide coverage for Kambic and/or Wells Fargo for the water damage found in December 2020 to the property at issue.

2. For a declaratory judgment determining that Kambic made material misrepresentations or omissions on the policy application and the policy is void *ab initio*.

3. That Country be awarded its costs and attorney's fees.

4. That Country be awarded such additional and further relief as the facts and law warrant.

DATED this 22nd day of February, 2021.

HOZUBIN, MOBERLY & ASSOCIATES
*Attorneys for Country Mutual Insurance Co.*

By: /Rebecca J. Hozubin/
Rebecca J. Hozubin
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 - Facsimile
Alaska Bar No. 9806016
Email: rebecca@akdefenselaw.com

COMPLAINT FOR DECLARATORY JUDGMENT ACTION
*Country Mutual Insurance Co. v. Kambic et al.*
3:21-cv-_____
Page 10

Case 3:21-cv-00042-JMK   Document 1   Filed 02/23/21   Page 10 of 10