IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM J. KAMBIC, JR., <br><br> Defendant. | Case No. 3:21-cv-00042-JMK <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT** |

Before the Court at Docket 9 is Defendant William J. Kambic Jr.'s Motion to Dismiss Complaint for Declaratory Judgment (the "Motion"). The Motion has been fully briefed at Dockets 17 and 18. For the following reasons, the motion is DENIED.

## I. BACKGROUND

Mr. Kambic previously owned a house in Chugiak, Alaska. In December 2018, Wells Fargo Bank ("Wells Fargo") foreclosed on the property.[1] Mr. Kambic entered into litigation with Wells Fargo over the foreclosure, alleging defective notice under Alaska

---

[1] Docket 10 at 2.

Statute § 34.20.070.[2] The parties continued litigation until they entered into a confidential settlement agreement in February 2021.[3]

In September 2019, Country Mutual Insurance Company ("Country Mutual") issued Mr. Kambic an insurance policy for the property.[4] The policy, renewed through September 2021, provides for structural coverage up to $1,278,200 and personal property coverage of $958,650.[5] Mr. Kambic was the named insured on the policy, along with First National Bank Alaska ("First National Bank") as an additional insured mortgagee.[6] Wells Fargo was not listed as an additional insured on the policy.[7]

In December 2020, Mr. Kambic discovered extensive water damage to the property due to a frozen water line. Mr. Kambic reported the loss to Country Mutual and began work to remediate the property.[8]

In January 2021, Country Mutual learned that Wells Fargo should have been listed on Mr. Kambic's policy as an additional insured, and that First National Bank no longer held a deed of trust on the property.[9] As such, on January 13, 2021, Country Mutual issued a reservation of rights letter to Kambic.[10] In this letter, Country Mutual advised Mr. Kambic that his claim for the December 2020 water damage might be denied due to the ownership dispute and litigation with Wells Fargo.[11] Country Mutual then attempted

---

[2] See *Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG.
[3] *Id.* at Docket 99.
[4] See Docket 1-2.
[5] *Id.*
[6] Docket 1-1.
[7] See *id.*
[8] Docket 10 at 3.
[9] Docket 17 at 7; *see also* Docket 1-3.
[10] Docket 1-4.
[11] *Id.*

*Country Mut. Ins. Co. v. Kambic*     Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment     Page 2
Case 3:21-cv-00042-JMK Document 19 Filed 10/14/21 Page 2 of 13

to intervene in the litigation with Wells Fargo as Intervenor-Plaintiff, alleging that Mr. Kambic violated the insurance contract and that it did not owe a duty of coverage for the property at issue.[12] On February 19, 2021, Mr. Kambic and Wells Fargo entered into a confidential settlement agreement, and Country Mutual's Motion to Intervene was denied as moot.[13] As of April 8, 2021, pursuant to the settlement agreement, Wells Fargo has full ownership rights of the property.[14]

On February 23, 2021, Country Mutual filed the present action, naming both Mr. Kambic and Wells Fargo as defendants;[15] however, Country Mutual voluntarily dismissed Wells Fargo as a defendant on April 9, 2021.[16] The Complaint requests that this Court issue (1) "a declaratory judgment determining that the Country insurance policy number [A54K5224230] does not provide coverage for Kambic and/or Wells Fargo for the water damage found in December 2020 to the property at issue," and (2) "a declaratory judgment determining that Kambic made material misrepresentations or omissions on the policy application and the policy is void *ab initio*."[17]

On April 26, 2021, Mr. Kambic filed this Motion to Dismiss Complaint for Declaratory Judgment, asserting that County Mutual's claims are jurisdictionally deficient.

---

[12] *See Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG at Docket 92.
[13] *Id.* at Docket 100.
[14] Docket 10 at 2–3.
[15] Docket 1.
[16] Docket 6.
[17] Docket 1 at 10.

*Country Mut. Ins. Co. v. Kambic* Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment Page 3
Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 3 of 13

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal for lack of subject matter jurisdiction.[18] In reviewing a Rule 12(b)(1) motion, a district court takes the allegations in plaintiff's complaint as true.[19] However, "[o]nce challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."[20]

A jurisdictional attack under Rule 12(b)(1) may be facial or factual. A factual attack "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."[21] To resolve a factual attack, the Court may consider evidence outside the pleadings "without converting the motion to dismiss into a motion for summary judgment," and "need not presume the truthfulness of the plaintiffs' allegations."[22] "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[23]

---

[18] Mr. Kambic brings his motion under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), but apart from a brief recitation of Rule 8(a)(2), his argument appears to be an entirely jurisdictional challenge. *See* Docket 9 at 1–2, 6–7. The Court therefore treats his motion as seeking dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).
[19] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).
[20] *Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).
[21] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[22] *Id.*
[23] *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment  Page 4
Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 4 of 13

## III. DISCUSSION

Mr. Kambic challenges: (1) the factual basis for diversity jurisdiction under 28 U.S.C. § 1332; and (2) the Court's exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.[24] Both challenges are without merit.

### A. Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1332

This Court has jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[25] Here, Mr. Kambic does not challenge the parties' diversity; the only issue before the Court is whether the amount in controversy is sufficient to create jurisdiction.[26] The Court concludes that it is.

In general, the amount in controversy is determined by the district court on the face of the pleadings at the time of filing.[27] Jurisdiction attaches if the plaintiff, in good faith, claims more than the requisite amount.[28] Therefore, to justify dismissal, "it must appear to a legal certainty that the claim is really less than the jurisdictional amount."[29]

In actions for declaratory relief, "the amount in controversy is measured by the value of the object of the litigation."[30] Specifically, in actions "brought either by the insured or the insurer as to the validity of the entire contract between the parties, the amount

---

[24] *See* Docket 9.
[25] 28 U.S.C. § 1332(a).
[26] *See* Docket 9 at 7.
[27] *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).
[28] *See id.; Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).
[29] *Higashiguchi,* 109 F.3d at 1473.
[30] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment  Page 5
Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 5 of 13

in controversy is the face value of the policy."[31] This standard applies when the insurer sues to cancel a policy for fraud.[32] By contrast, in disputes over whether coverage exists for a particular occurrence, the amount in controversy is the value of the claim in question.[33]

Here, Country Mutual seeks declaratory relief to determine whether Mr. Kambic's policy, as a whole, is void due to his alleged misrepresentations.[34] Country Mutual asserts, and Mr. Kambic does not appear to dispute, that the policy provides coverage up to $2.1 million.[35] As the face value of the policy is well over $75,000, this clearly satisfies the requisite amount in controversy.

Mr. Kambic argues that because Wells Fargo took full ownership of the property in April 2021, he has no future interest in the house or the insurance policy, thus freezing the amount in controversy at his present losses: $67,410.63 for both his personal property damage and the initial remediation of the home.[36] This argument misrepresents how diversity jurisdiction vests with federal courts. The amount in controversy is

---

[31] *State Farm Fire & Cas. Co. v. Domaika*, No. A05-0051-cv-RRB, 2005 WL 1719265, at *1 n.7 (D. Alaska July 22, 2005) (quoting 14B Charles Alan Wright, Arthur R. Miller & Edward Cooper, FEDERAL PRACTICE AND PROCEDURE § 3710 (3d ed. 1998)); *see also Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018) ("[I]t is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy."); *Higashiguchi*, 109 F.3d at 1473 (maximum liability is relevant to determining amount in controversy if validity of entire insurance policy is at issue).
[32] *See* 14AA Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3710 (4th ed. 2021).
[33] *See id.*; *Higashiguchi*, 109 F.3d at 1473; *Canadian Indem. Co. v. Republic Indem. Co.*, 222 F.2d 601, 604 (9th Cir. 1955).
[34] Docket 1 at 10.
[35] *See* Docket 17 at 11; Docket 1-2.
[36] *See* Docket 18 at 2; Docket 10 at 2–3.

Country Mut. Ins. Co. v. Kambic                                                    Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment            Page 6
Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 6 of 13

determined at the time of filing and, if satisfied, jurisdiction attaches.[37] "Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction," nor does the eventual inability of the plaintiff to recover the alleged amount.[38]

Jurisdiction attached when Country Mutual filed its Complaint on February 23, 2021, seeking a determination whether its policy with Mr. Kambic was void.[39] Mr. Kambic entered into a confidential settlement agreement with Wells Fargo four days earlier, on February 19, but he did not cede full ownership of the home to Wells Fargo until April 2021.[40] At the time of filing, the policy was active and Mr. Kambic purported to be the property's owner: he had submitted a claim for the property's water damage, and further, had other covered events occurred, Mr. Kambic could have submitted additional claims under the policy.[41] The fact that Wells Fargo retained full ownership of the property seven weeks later, and that Mr. Kambic will not make additional repairs to the home, does not divest the Court's jurisdiction.

---

[37] *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)); *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999); 14AA Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3702.4 (4th ed. 2021); *see also Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 830 (1989) (noting that for determining diversity of citizenship, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed").

[38] *Higashiguchi*, 109 F.3d at 1473 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 293); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018); *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 7–8 (1st Cir. 1995) (district court appropriately retained jurisdiction after discovering that independent third party's error had initially inflated the amount in controversy).

[39] Docket 1 at 10.

[40] Docket 10 at 2–3.

[41] *See* Docket 1-2, Docket 1-4.

*Country Mut. Ins. Co. v. Kambic*     Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment     Page 7

Case 3:21-cv-00042-JMK    Document 19    Filed 10/14/21    Page 7 of 13

Because the parties are diverse and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

**B.     Jurisdiction is Appropriate Under the Declaratory Judgment Act**

Mr. Kambic next argues that Country Mutual's request for declaratory judgment is inappropriate. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[42] The Act does not confer jurisdiction; rather, it "allow[s] earlier access to federal courts in order to spare potential defendants from the threat of impending litigation" by providing an avenue for parties to adjudicate their rights and obligations in disputes that have "not reached a stage at which either party may seek a coercive remedy," or where "[the] party who could sue for coercive relief has not yet done so."[43]

Entertaining an action under the Declaratory Judgment Act is discretionary.[44] When presented with a request for declaratory relief, a district court must first consider (1) whether the case presents an actual controversy within its jurisdiction, and, if so, (2) whether retaining jurisdiction is appropriate under the factors set out by *Brillhart v.*

---

[42] 28 U.S.C. § 2201(a).
[43] *Seattle Audubon Soc. v. Mosely*, 80 F.3d 1401, 1405 (9th Cir. 1996).
[44] *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (explaining that jurisdiction is discretionary under the Act, but that this discretion is "not unfettered").

*Country Mut. Ins. Co. v. Kambic*                                                                                   Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment                                   Page 8
Case 3:21-cv-00042-JMK     Document 19     Filed 10/14/21     Page 8 of 13

*Excess Ins. Co. of Am.* and its progeny.[45] The Court concludes that both considerations are met.

### 1. The case presents an actual controversy

Declaratory relief actions are justiciable if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[46] Mr. Kambic does not appear to refute that a controversy exists between himself and Country Mutual, only that Country Mutual's request for declaratory judgment is inappropriate to resolve it.[47] Further, the Ninth Circuit has "consistently held that a dispute between an insurer and its insured over the duties imposed by an insurance contract satisfies the Article III case and controversy requirement."[48] This Court sees no reason to find the present case any different: there is a concrete, immediate dispute as to whether Mr. Kambic's policy is void, and, as such, whether Country Mutual has a duty of coverage for his claims.

---

[45] *See id.*; *Allstate v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).
[46] *Seattle Audubon*, 80 F.3d at 1405; *see also United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("The limitations upon issuance of a declaratory judgment, expressed as a doctrine of judicial discretion, reflect concerns similar to those underlying the case and controversy limitation of Article III.").
[47] *See* Docket 9 at 10–11.
[48] *Dizol*, 133 F.3d at 1222 n.2 (actual controversy existed where insurer faces possibility of having to honor a policy that was invalid due to insurer's breach of its terms); *see also American Nat'l Fire Ins. v. Hungerford*, 53 F.3d 1012, 1015–16 (9th Cir. 1995); *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994), *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941).

*Country Mut. Ins. Co. v. Kambic*   Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment   Page 9
Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 9 of 13

The Court finds that this case presents an actual controversy within its jurisdiction,[49] and thus turns to the question of whether exercising that jurisdiction is appropriate.

### 2. The *Brillhart* factors weigh in favor of retaining jurisdiction

The Ninth Circuit adopted the *Brillhart* factors as "the philosophic touchstone for the district court" in determining whether to exercise its discretion: (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as means of forum shopping; and (3) avoid duplicative litigation.[50] Not an exhaustive list, the Court may also consider whether retaining jurisdiction would: "(4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties."[51]

This case does not involve unsettled or novel issues of state law.[52] It is a "straightforward contract dispute" as to whether Mr. Kambic breached the terms of the policy such that coverage is void.[53] There currently are no pending state law claims, so a

---

[49] For the reasons stated above, this Court has jurisdiction over the controversy under 28 U.S.C. § 1332.
[50] *Dizol*, 133 F.3d at 1225.
[51] *Allstate*, 634 F.3d at 1107; *see also Dizol*, 133 F.3d at 1225 n.5 (quoting *Kearns*, 15 F.3d at 145).
[52] *See Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d. 1109, 1118 (D. Alaska 1998) ("[T]he Ninth Circuit made clear that the concern address in this factor is with unsettled issues of state law, no fact-finding in the specific case.").
[53] *See id.; Allstate*, 634 F.3d at 1108 (finding that a "straightforward contract dispute" between an insurer and its insured over whether insured breached the policy contract and voided its coverage did not involve needless determination of state law).

*Country Mut. Ins. Co. v. Kambic*  
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment  
Case No. 3:21-cv-00042-JMK  
Page 10

Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 10 of 13

declaratory judgment will not entangle the court systems or create duplicative litigation.[54] Deciding this case necessarily will resolve all aspects of the controversy in a single proceeding, since it will determine whether the insurance policy is void *ab initio*. Neither party has asserted that federal court is a more or less convenient forum than state court.

Therefore, the only factors that potentially could weigh in favor of dismissal (and the only arguments that Mr. Kambic raises in his Motion) are whether Country Mutual filed this action as a means of forum shopping or to obtain an unjust res judicata advantage, and whether a declaratory judgment serves a useful purpose in clarifying the legal relations going forward.[55]

The Court finds no evidence of forum shopping or a race to res judicata. Mr. Kambic argues that he is the natural plaintiff in this dispute, and, as such, Country Mutual filed this action to preempt his forum of choice and "avoid litigation in a forum not of their choosing."[56] However, Mr. Kambic does not provide any factual support for these claims. Moreover, he has not asserted that this forum is inconvenient or inappropriate, much less why this forum would be unjustly favorable to Country Mutual.[57]

---

[54] *See id.*

[55] Mr. Kambic also argues that because a breach of contract claim would "resolve any question regarding the interpretation of the contract, there is no need for declaratory relief and dismissal of a companion declaratory relief claim is appropriate." In support, Mr. Kambic cites to cases in which the plaintiff brings both a breach of contract claim and an identical claim for declaratory judgment, and where the defendant moves to dismiss the declaratory relief claim as unnecessary. *See, e.g.*, *Vascular Imaging Prof'ls Inc. v. Digirad Corp.*, 401 F. Supp. 3d 1005 (S.D. Cal. 2019); *Streamcast Networks, Inc. v. IBIS LLC*, No. CV 05-04239 MMM, 2006 WL 5720345, at *3–4 (C.D. Cal. May 2, 2006). This case law is inapposite, as neither party has brought a breach of contract claim, companion or otherwise, to make declaratory relief duplicative or unnecessary.

[56] Docket 9 at 7, 11.

[57] *See Dizol*, 133 F.3d at 1225 ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."); *U.S. Fire Ins. Co. v. Prieto*, No. 19-00186 JAO-RT, 2020 WL 3317914, at *21 (D.

*Country Mut. Ins. Co. v. Kambic*     Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment     Page 11

Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 11 of 13

Nor is there evidence that Country Mutual filed suit merely as a reaction to Mr. Kambic's threat of litigation. Mr. Kambic did not file an action in state court, nor did he present evidence that he threatened to do so,[58] and Country Mutual already had attempted to intervene in Mr. Kambic's related litigation with Wells Fargo.[59] This Court will apply the same substantive law as any action Mr. Kambic might have filed in Alaska state court, so Country Mutual is not "racing to res judicata" in a different jurisdiction.[60]

Instead, Mr. Kambic's argument rests on the idea that he might have brought suit as the plaintiff in a different forum at a later, unspecified date.[61] This is insufficient to find forum shopping, or to show that Country Mutual will obtain an unfair res judicata advantage.[62] Country Mutual's choice to pursue a declaratory judgment before Mr. Kambic filed suit is not evidence of forum shopping; indeed, it is in line with the purposes of the Act.[63]

---

Haw. June 18, 2020) (no forum shopping exists when federal district court is an appropriate forum and plaintiff merely preferred federal resolution); *Ryan on Behalf of Syndicates and Ins. Cos.*, 902 F. Supp. 1064, 1068 (D. Alaska 1995) (district court is an appropriate forum for declaratory actions to determine the right of insurers and insureds).

[58] *See Nat'l Chiropractic*, 23 F. Supp. 2d. at 1118 ("Forum shopping would only exist if [Defendant insured] had commenced a declaratory judgment proceeding in state court against [Plaintiff insurer] under parallel state law . . . and, perhaps concerned at some preliminary rulings by a state judge, [Plaintiff insurer] had filed this federal action.").

[59] *Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG at Docket 92.

[60] *See Allstate*, 634 F.3d at 1108; *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995) (district court erred in hearing declaratory action that was "chiefly calculated to take advantage of favorable statute of limitations law" in different state).

[61] Docket 9 at 1–2, 7–9.

[62] *See Nat'l Chiropractic*, 23 F. Supp. 2d. at 1118; *Dizol*, 133 F.3d at 1225; *see also BASF Corp.*, 50 F.3d at 559 (noting that federal courts "regularly consider the merits of affirmative defenses raised by declaratory plaintiffs").

[63] *See Seattle Audubon*, 80 F.3d 1401 at 1405 (describing the purpose of the DJA as allowing potential defendants to adjudicate their rights when the party who may sue for coercive relief has yet to do so); *see also Dizol*, 133 F.3d at 1225 ("[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically").

*Country Mut. Ins. Co. v. Kambic*     Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment     Page 12

Case 3:21-cv-00042-JMK   Document 19   Filed 10/14/21   Page 12 of 13

Next, the Court finds that a declaratory action is useful to clarifying the legal relations between the parties. Mr. Kambic argues that because "the alleged claims for both parties have accrued" and the alleged misrepresentations on his policy occurred in the past, Country Mutual's claims "are not directed towards 'clarifying' any of its 'future' obligations towards Kambic."[64] The Court struggles to see how Country Mutual's complaint is not directed towards its future obligations. A declaratory judgment will determine Country Mutual's future behavior and legal relation to Mr. Kambic, namely, whether it owes him a duty of coverage under the disputed policy. The facts of the case necessarily occurred in the past, but this does not preclude declaratory relief from serving a useful purpose in resolving the parties' current rights and obligations.

Therefore, the Court concludes that the *Brillhart* factors weigh in favor of exercising discretion to hear Country Mutual's declaratory judgment action.

## IV. CONCLUSION

For the reasons stated above, Mr. Kambic's Motion to Dismiss Complaint for Declaratory Judgment at Docket 9 is DENIED.

IT IS SO ORDERED this 14th day of October, 2021, at Anchorage, Alaska.

                                                          */s/ Joshua M. Kindred*
                                                                    JOSHUA M. KINDRED
                                                                   United States District Judge

---

[64] Docket 9 at 11.

*Country Mut. Ins. Co. v. Kambic*                                            Case No. 3:21-cv-00042-JMK
Order Denying Defendant's Motion to Dismiss Complaint for Declaratory Judgment      Page 13
Case 3:21-cv-00042-JMK     Document 19     Filed 10/14/21     Page 13 of 13