IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

COUNTRY MUTUAL INSURANCE
CO.,

                    Plaintiff,

      vs.

WILLIAM J. KAMBIC, JR.,

                    Defendant.

Case No. 3:21-cv-00042-JMK

**ORDER GRANTING PLAINTIFF'S
MOTION TO BIFURCATE AND
STAY**

WILLIAM J. KAMBIC, JR.,

                    Counter Claimant,

      vs.

COUNTRY MUTUAL INSURANCE
CO.,

                    Counterclaim
                    Defendant.

Before the Court at Docket 27 is Country Mutual Insurance Company's ("Country Mutual") "Motion to Bifurcate and Stay." The motion has been fully briefed at Dockets 28 and 31. For the following reasons, the motion is GRANTED.

# I.  BACKGROUND

The background of this lawsuit is described in detail in the Court's Order at Docket 19.  Country Mutual's complaint requests that this Court issue (1) "a declaratory judgment determining that the Country insurance policy number [A54K5224230] does not provide coverage for Kambic and/or Wells Fargo for the water damage found in December 2020 to the property at issue," and (2) "a declaratory judgment determining that Kambic made material misrepresentations or omissions on the policy application and the policy is void *ab initio*."[1]

On October 29, 2021,  Defendant and Counter Claimant William Kambic, Jr., filed his Answer and Counterclaim.[2]  Mr. Kambic alleges four counterclaims against Country Mutual:  (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) bad faith; and (4) "unfair claims settlements acts or practices (violation of 3 AAC 26.070)."[3]  Mr. Kambic seeks punitive damages in addition to a declaratory judgment that Country Mutual is obliged to cover Mr. Kambic's claim for water damage under his policy.[4]

Country Mutual now moves the Court to bifurcate Mr. Kambic's counterclaims and stay these claims pending the outcome of its declaratory judgment action.[5]

---

[1] Docket 1 at 10.
[2] Docket 21.
[3] *Id*. at 7.
[4] *See id*. at 12–14.  Mr. Kambic lists punitive damages and declaratory relief as his fifth and sixth causes of action.  The Court notes that that punitive damages and declaratory judgment are a form of relief, not separate causes of action.
[5] Docket 27.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The district court has broad discretion to determine when bifurcation is appropriate.[6]  For example, "[a] court might bifurcate a trial to 'avoid a difficult question by first dealing with an easier, dispositive issue.'"[7]  Implicit in the power to order separate trial is the power to limit discovery according to that separation.[8]  This is because "[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery pending resolution of potentially dispositive preliminary issues."[9]

Whether to bifurcate a trial is a fact-specific inquiry.  The Court will consider "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result from bifurcation," including whether the resulting trials would involve the presentation of the same evidence.[10]

---

[6] *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016).
[7] *Id*. (quoting *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)).
[8] *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).
[9] *Id.*
[10] *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1127 (E.D. Cal. 2020); *see also Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1095 (N.D. Cal. 2002) ("[P]iecemeal trial of separate issues in a single suit is not to be the usual course.  It should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule."), *aff'd in part, rev'd in part on other grounds*, 373 F.3d 998 (9th Cir. 2004).

### III. DISCUSSION

While bifurcation "is not to be routinely ordered,"[11] this case presents a textbook use for Rule 42(b). Country Mutual seeks a declaratory judgment that Mr. Kambic's policy is void *ab initio* due to alleged misrepresentations and that the policy does not provide coverage for the December 2020 water damage.[12] Mr. Kambic seeks a declaratory judgment that Country Mutual breached its contract when it failed to provide coverage under the policy, along with damages for that breach, a bad faith claim, a breach of the implied covenant of good faith and fair dealing, and a violation of Alaska state standards for claim settlements acts or practices.[13] The parties do not argue that bifurcation would result in or prevent potential prejudice, and there is no jury to potentially confuse. Thus, the only factor to consider is whether bifurcation would result in convenience and economy for the parties and the Court.

Here, bifurcation has the potential of saving great time and expense. The issue of whether coverage exists under the policy is both preliminary to, and potentially dispositive of, Mr. Kambic's counterclaims. Even if bifurcation did not occur, the Court necessarily must determine whether coverage exists before reaching Mr. Kambic's counterclaims. If no coverage exists, then bifurcation clearly would result in convenience

---

[11] *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (quoting Advisory Committee Notes to 1966 Amendment to Fed. R. Civ. P. 42(b)).

[12] Docket 1 at 10.

[13] *See generally* Docket 21.

and economy by disposing of Mr. Kambic's counterclaims before the parties engaged in costly discovery and other pretrial work.[14]

   Mr. Kambic appears to agree with this.[15]  He opposes Country Mutual's motion, however, because he believes that coverage exists; as such, bifurcation would subject the parties to two trials.[16]  This certainly is a possibility, and bifurcation is not an indication that the Court believes Mr. Kambic's claims to be meritless.  However, the possibility of two trials does not outweigh the potential efficiency gained from bifurcation.  Even if two trials occurred, the counterclaims are sufficiently distinct that the parties would not be subject to relitigating issues or duplicating discovery.  Indeed, Country Mutual states that it anticipates deposing only Mr. Kambic before moving for summary judgment on the issue of coverage.  The breach and bad faith counterclaims may require an additional deposition of Mr. Kambic, but would otherwise entail entirely different witnesses, experts, and discovery.  Further, the second trial regarding Mr. Kambic's counterclaims would be streamlined because the Court already would have determined that he was entitled to coverage under the policy.[17]

---

[14] *See Ferguson v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-00081-JWS, 2011 WL 4946349, at *1 (D. Alaska Oct. 18, 2011) ("In insurance cases, courts frequently bifurcate bad faith claims when they would be precluded by resolution of a breach-of-contract claim in the insurance company's favor.").

[15] *See* Docket 28 at 6.

[16] *Id.* at 6–7.

[17] *See Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1129 (E.D. Cal. 2020) (finding bifurcation appropriate where, even if the claims proceed to trial, the issues would be narrowed and the parties required to present less evidence).

*Country Mut. Ins. Co. v. Kambic*            Case No. 3:21-cv-00042-JMK
Order Granting Motion to Bifurcate           Page 5

Case 3:21-cv-00042-SLG  Document 32  Filed 04/29/22  Page 5 of 7

Mr. Kambic asserts that the issues are intimately "intertwined" and would require the same witnesses.[18] However, the Court cannot imagine—and Mr. Kambic does not specify—how bad faith experts and claims adjusters would be relevant to the issue of whether coverage exists under the policy contract. The issue of coverage certainly is related to Mr. Kambic's breach of contract claim, but as mentioned, determining that Mr. Kambic's policy covered the December 2020 water damage would serve only to streamline litigation of that claim.[19]

Last, Mr. Kambic argues that conducting two trials will be emotionally taxing. But, again, holding two sequential trials will not be significantly longer than holding a single trial on all claims and counterclaims. Bifurcation will not duplicate discovery or witnesses; it simply is a question whether to litigate the counterclaims now or to defer considering them until coverage is established. The Court will not subject the parties to costly and potentially unnecessary discovery when it could first resolve a simple and dispositive preliminary issue.

In sum, bifurcation would expedite and economize this case because the Court may "avoid a difficult question by first dealing with [the] easier, dispositive issue" of whether coverage exists.[20] The possibility of conducting two trials does not outweigh the potential benefits of bifurcation; the trials would be largely distinct and would not involve the same evidence or issues. Mr. Kambic asks the Court order concurrent

---

[18] Docket 28 at 5–7.
[19] Additionally, if the Court finds that Mr. Kambic's policy provides coverage, bifurcation may facilitate settlement.
[20] *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

discovery if the claims are bifurcated, but, as discussed above, much of the convenience served by bifurcation is deferring costly and potentially unnecessary discovery. Thus, the Court will exercise its discretion to bifurcate the case under Rule 42(b), including related discovery, and first resolve the issue of coverage presented by Country Mutual's complaint for declaratory judgment.

## IV.   CONCLUSION

For the reasons stated above, County Mutual's Motion to Bifurcate and Stay is **GRANTED**. Mr. Kambic's counterclaims are **STAYED** pending the resolution of County Mutual's claims for declaratory judgment, namely, (1) whether Mr. Kambic's policy is void *ab initio* and (2) whether coverage exists under that policy for the December 2020 water damage.

IT IS SO ORDERED this 29th day of April, 2022, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge