IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| COUNTRY MUTUAL INSURANCE CO., | |
|---|---|
| Plaintiff, | Case No. 3:21-cv-00042-JMK |
| vs. | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| WILLIAM J. KAMBIC, JR., | |
| Defendant. | |
| WILLIAM J. KAMBIC, JR., | |
| Counter Claimant, | |
| vs. | |
| COUNTRY MUTUAL INSURANCE CO., | |
| Counterclaim Defendant. | |

Pending before the Court is Plaintiff's Motion for Summary Judgment at Docket 37. Defendant responded at Docket 41, and filed several evidentiary objections at Dockets 43 and 44. Plaintiff replied at Docket 48. As set forth below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

### A. Undisputed Facts

Mr. Kambic previously owned a house located at 18435 Jasmine Road, Chugiak, Alaska 99567 ("the Chugiak Property").[1] In December 2018, Wells Fargo Bank ("Wells Fargo") foreclosed on the Chugiak property.[2] On May 2, 2019, Mr. Kambic initiated litigation with Wells Fargo over the foreclosure, alleging the Notice of Default was defective under Alaska Stat. § 34.20.070.[3]

Several months later, on September 9, 2019, Mr. Kambic sought and obtained insurance coverage for the Chugiak Property through Country Mutual Insurance Company ("Country").[4] The policy was subsequently renewed through September 2021.[5] Mr. Kambic was named on the policy, along with First National Bank Alaska ("First National Bank"), as an insured mortgagee.[6] Wells Fargo was not listed as an additional insured on the policy, despite the ongoing dispute between Mr. Kambic and Wells Fargo concerning ownership of the Chugiak Property.[7]

In December 2020, Mr. Kambic became aware of extensive water damage to the property.[8] Mr. Kambic reported the loss to Country and began work to remediate the property damage.[9]

---

[1] Docket 10 at ¶ 2.
[2] *Id.* at ¶ 7.
[3] Docket 37-8.
[4] *See id.*
[5] Docket 1-2 at 3.
[6] *Id.* at 3–4.
[7] *Id.*
[8] Docket 37-7 at 51:13–23.
[9] *Id.* at 51:13–16.

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 2
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 2 of 12

On January 13, 2021, Country issued a reservation of rights letter to Mr. Kambic.[10] In this letter, Country advised Mr. Kambic that his claim for the December 2020 water damage might be denied due to the ownership dispute and litigation with Wells Fargo.[11] Country then attempted to intervene in the litigation between Wells Fargo and Mr. Kambic, alleging that Mr. Kambic violated the insurance contract and that it did not owe a duty of coverage for the property at issue.[12] On February 19, 2021, Mr. Kambic and Wells Fargo entered into a confidential settlement agreement, and Country's Motion to Intervene was denied as moot.[13] As of April 8, 2021, Wells Fargo has full ownership rights of the property pursuant to the settlement agreement.[14]

On February 23, 2021, Country filed the present action, naming both Mr. Kambic and Wells Fargo as defendants.[15] Country subsequently voluntarily dismissed Wells Fargo as a defendant on April 9, 2021.[16] The Court issued an Order bifurcating the proceedings to first determine whether the insurance policy covering the Chugiak Property was void *ab initio*.[17]

---

[10] Docket 37-15.
[11] *Id.*
[12] *See* Docket 92, *Kambic v. Wells Fargo, et al.*, No. 3:20-cv-00120-SLG (D. Alaska May 8, 2020).
[13] Docket 100 (text order), *Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG (D. Alaska May 8, 2020).
[14] Docket 10 at ¶ 8.
[15] Docket 1.
[16] Docket 6.
[17] Docket 32.

*Country Mut. Ins. Co. v. Kambic*     Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment     Page 3
Case 3:21-cv-00042-JMK    Document 49    Filed 01/08/24    Page 3 of 12

B.  **Disputed Facts**

Country alleges that Mr. Kambic made material misrepresentations regarding his ownership and occupancy of the Chugiak Property when he applied for insurance coverage in September 2018.[18] Country relies on the Home Insurance Application to demonstrate that Mr. Kambic represented his mailing address was the Chugiak Property,[19] that Mr. Kambic represented the only additional interest in the Chugiak Property was held by First National Bank of Alaska,[20] and that Mr. Kambic represented the Chugiak Property would be owner-occupied.[21] Country also provides evidence that it "would not have issued policy number A54K5224230 to William Kambic had Mr. Kambic advised Country that the property the policy was to insure had been foreclosed on and sold to Wells Fargo, or that he was not going to be occupying the residence."[22]

Mr. Kambic disputes Country's allegations.[23] Mr. Kambic alleges that the insurance application was filled out by Country.[24] Mr. Kambic further alleges that, during the process of obtaining insurance coverage for the Chugiak Property, Mr. Kambic verbally put Country on notice of Wells Fargo's foreclosure by indicating the mortgage was "under litigation."[25] Mr. Kambic also alleges he advised Country that the Chugiak Property was

---

[18] Docket 38 at 3–4.
[19] *Id.* at 3 (citing Docket 37-2).
[20] *Id.*
[21] *Id.* at 4 (citing Docket 37-2).
[22] Docket 40.
[23] Docket 41 at 4–15.
[24] Docket 45 at ¶ 13.
[25] Docket 41-2 at 38:6–11.

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 4
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 4 of 12

his home, but that he only resided there when he was not working out of state as a crane operator.[26] Mr. Kambic states that if he had not given Country his mailing address in California, he "would not have received the premium renewal notices," which were sent to his mailing address in California.[27] Mr. Kambic further alleges his previous insurer, State Farm, reached out to Country on Mr. Kambic's behalf, providing Country with details including Mr. Kambic's previous insurance coverage.[28]

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] The initial burden is on the moving party to show that there is an absence of genuine issues of material fact.[30] If the moving party meets this initial burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[31] The non-moving party must support its showing of facts with evidence that is admissible.[32] "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[33] All evidence presented by the non-moving party must be believed for purposes of summary judgment, and all justifiable inferences are to be drawn in its favor.[34] A court's function on summary judgment is not

---

[26] Docket 45 at ¶ 14.
[27] *Id.* at ¶ 18.
[28] Docket 41-2 at 41:22–42:5.
[29] Fed. R. Civ. P. 56(a).
[30] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[31] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).
[32] *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).
[33] *Celotex Corp.* 477 U.S. at 317.
[34] *Id.* at 255.

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 5
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 5 of 12

to weigh evidence or determine the truth of the matter, but rather to determine if there are genuine issues for trial.[35]

## III.  DISCUSSION

Country seeks summary judgment determining the insurance coverage of the Chugiak Property was void *ab initio* due to Mr. Kambic's misrepresentations.[36] Country relies on *Bennett v. Hedglin*, 995 P.2d 668 (Alaska 2000), for the proposition that if an insured misrepresented material facts when applying for insurance coverage the insurer may rescind the coverage rendering the coverage void *ab initio*.[37]

In *Bennett*, an insurer sought to rescind insurance coverage for a cabin that was destroyed by fire.[38] When applying for insurance coverage for the cabin, the insured "denied owning, occupying, or renting" any residences besides the cabin for which he was seeking insurance coverage and asserted that he was a full-time resident of the cabin.[39] Later, the insured admitted that he owned several properties in addition to the cabin.[40] The insured tried to explain that he intended to reside full time at the cabin.[41] The Alaska Supreme Court found these statements to be material misrepresentations and granted summary judgment in favor of the insurer.[42] Country seeks to have the Court apply *Bennett* to the case at hand because Mr. Kambic's Home Insurance Application fails to disclose

---

[35] *Id.* at 249.
[36] Docket 38 at 2.
[37] *Id.* at 11.
[38] 995 P.2d 668, 671 (Alaska 2000).
[39] *Id.*
[40] *Id.* at 671–72.
[41] *Id.*
[42] *Id* at 672.

*Country Mut. Ins. Co. v. Kambic*　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment　　　　　　　　　　　　　　　　　　Page 6
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 6 of 12

that Wells Fargo had foreclosed on the Chugiak Property and that Mr. Kambic lived in California for much of the year.[43]

Mr. Kambic responds that Country fails to meet its initial burden to demonstrate there are no disputed material facts.[44] Mr. Kambic asserts that Country knew that Mr. Kambic lived in California while working and that Country knew or should have known about the foreclosure because Mr. Kambic advised Country there was ongoing litigation concerning the second mortgage.[45] Mr. Kambic also objects to evidence on which Country relies in its attempt to establish an absence of material fact.[46]

Country replies that (1) even if Mr. Kambic informed Country that the mortgage underlying the Chugiak Property was subject to litigation, this was insufficient to put Country on notice of the foreclosure; and (2) Mr. Kambic cannot rely on inconsistent statements to establish a disputed fact regarding his residence.[47]

## A. Disclosure Requirements Under Alaska Stat. § 21.42.110

Country argues that Mr. Kambic failed to disclose the relevant fact that Wells Fargo had foreclosed on the Chugiak Property before Mr. Kambic sought insurance coverage.[48] According to Country, even if Mr. Kambic disclosed to Country that the second mortgage was in litigation, such a disclosure was insufficient, and the Court should rescind the insurance coverage.[49]

---

[43] Docket 38 at 13.
[44] Docket 41 at 21.
[45] *Id.* at 4–15.
[46] Docket 43; Docket 44.
[47] Docket 48 at 2.
[48] *Id.*
[49] *Id.* at 7.

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 7
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 7 of 12

Under Alaska law, "[a]ll statements and descriptions in an application for an insurance policy or annuity contract, or in negotiations for the policy or contract, by or in behalf of the insured or annuitant, shall be considered to be representations and not warranties."[50] Furthermore, "[m]isrepresentations, omissions, concealment of facts, and incorrect statements" normally do not prevent an insured from obtaining recovery from their insurer.[51] Misrepresentations, omissions, concealment of facts, and incorrect statements can prevent an insured from obtaining recovery if they are "material either to the acceptance of the risk, or to the hazard assumed by the insurer" or the insurer in good faith would not have issued the insurance policy if the insurer knew the truth concerning the insured statements and the insurance application or contract required disclosure.[52] In applying this disclosure requirement, the Alaska Supreme Court has held that "[i]t is an insurer's duty to ascertain the facts, and if nothing is concealed, and it makes no inquiries, it cannot complain that the situation was not what it supposed it to be."[53]

Alaska Supreme Court precedent forecloses Country's argument that Mr. Kambic's disclosure was insufficient. In *Stewart-Smith Haidinger, Inc. v. Avi-Truck, Inc.*, the Alaska Supreme Court determined that an insurer can be charged with knowledge implied by the negotiated insurance policy because the insurer bears the "burden of investigating the risk they agreed to underwrite."[54] In *Avi-Truck*, an insurance policy

---

[50] Alaska Stat. § 21.42.110.
[51] *Id.*
[52] *Id.*
[53] *Stewart-Smith Haidinger, Inc. v. Avi-Truck, Inc.*, 682 P.2d 1108, 1116 (Alaska 1984).
[54] *Id.* at 1117.

*Country Mut. Ins. Co. v. Kambic*　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment　　　　　　　　　　　　　　　　　　　　　　Page 8
Case 3:21-cv-00042-JMK　　Document 49　　Filed 01/08/24　　Page 8 of 12

covering an aircraft "provided that coverage does not apply while the aircraft is in flight unless its airworthiness certificate is in full force and effect."[55] After the aircraft crashed, the insurer sought summary judgment to avoid paying on the insurance policy because the aircraft did not have an airworthiness certificate.[56] The insurer was aware of the aircraft's make, model, relative age, and size, as well as that the aircraft would not carry passengers.[57] The insurer assumed, but never confirmed, that the aircraft had an airworthiness certificate.[58] In fact, the aircraft, "like most surplus military aircraft, could not have obtained an airworthiness certificate for carrying cargo."[59] The court reasoned that "[i]f the insurers had any reason to know that an airworthiness certificate was virtually unobtainable under these circumstances, their agreement to insure the plane for carrying freight includes an implied agreement to insure it without an airworthiness certificate."[60]

As applied here, if Mr. Kambic advised Country that his second mortgage was subject to litigation,[61] then Country had an obligation to ascertain the relevant facts of that litigation to determine if they wanted to provide insurance coverage. As in *Avi-Truck*, Country had implied knowledge of the foreclosure if Country knew the mortgage was "under litigation."[62] Country's insurance agreement covering the Chugiak Property may include a direct agreement to cover the property despite the ongoing litigation and may

---

[55] *Id.* at 1114 (internal quotations omitted).
[56] *Id.*
[57] *Id.* at 1110.
[58] *Id.*
[59] *Id.* at 1115.
[60] *Id.*
[61] Docket 41-2 at 38:6–11.
[62] *Id.*

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 9
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 9 of 12

include an implied agreement to insure the property despite the foreclosure. To adequately adjudicate this issue, the Court will need to make a finding of fact, which normally is inappropriate when considering a motion for summary judgment.[63]

**B.    Mr. Kambic's Deposition Testimony and Sworn Declaration**

Country argues that Mr. Kambic cannot rely on inconsistent statements to establish a disputed fact regarding his residence.[64] Country argues that Mr. Kambic's deposition testimony in his litigation with Wells Fargo conflicts with his deposition testimony in the case at bar.[65] Country alleges that Mr. Kambic's account of what happened when he applied for insurance coverage with Country is "disingenuous."[66] Country asks the Court to disregard Mr. Kambic's statement that he told Country about his living situation, arguing "[t]here is absolutely no objective evidence that supports the notion that Country knew that Kambic lived anywhere but Chugiak, Alaska, at the time of the application."[67]

The "sham affidavit rule prevents 'a party who has been examined at length on deposition' from 'raising an issue of fact simply by submitting an affidavit contradicting his own prior testimony . . . .'"[68] To apply the sham affidavit rule, a district court "must make a factual determination that the contradiction is a sham."[69] The "inconsistency

---

[63] *Celotex Corp.* 477 U.S. at 317.
[64] Docket 48 at 2.
[65] *Id.* at 6.
[66] *Id.* at 3.
[67] *Id.* at 5.
[68] *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (alterations omitted) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).
[69] *Id.*

*Country Mut. Ins. Co. v. Kambic*                                    Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment                                              Page 10
Case 3:21-cv-00042-JMK    Document 49    Filed 01/08/24    Page 10 of 12

between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit."[70] Courts applying the sham rule should use "caution" because the sham rule stands in tension with the well-founded principle that "the court is not to make credibility determinations when granting or denying summary judgment."[71]

Country misconstrues Mr. Kambic's testimony; the sham rule does not apply. Country argues that Mr. Kambic claims residency in California or Alaska depending on convenience.[72] Country's characterization is unsupported by the record.[73] Mr. Kambic stated, "[t]hey knew that my work was in California, but my home was in Alaska. They absolutely knew that."[74] This statement does not directly conflict with Mr. Kambic's affidavit filed in his previous litigation with Wells Fargo, in which Mr. Kambic complains that he did not receive actual notice of foreclosure on the Chugiak Property because it was never mailed to him in California.[75] Without a direct contradiction that makes a party's statements unambiguously inconsistent, the sham rule does not apply.[76]

Country's remaining assertions—that Mr. Kambic's statements are "disingenuous," or that there is "absolutely no objective evidence" supporting

---

[70] *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009).
[71] *Yeage*, 693 F.3d at 1080.
[72] Docket 48 at 6.
[73] *Compare* Docket 41-2 at 48:7–21 (indicating Mr. Kambic told Country that he worked in California but that his home was in Alaska), *with* Docket 37-9 at ¶¶ 3–10 (declaring that a notice of foreclosure was never sent to Mr. Kambic at his residence in California and therefore he did not receive actual notice that his home was being foreclosed on).
[74] Docket 41-2 at 49:12–13.
[75] Docket 37-9 at ¶¶ 3–10.
[76] *Yeager*, 693 F.3d at 1080.

*Country Mut. Ins. Co. v. Kambic*  Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment  Page 11
Case 3:21-cv-00042-JMK   Document 49   Filed 01/08/24   Page 11 of 12

Mr. Kambic's assertions—ask the Court to impermissibly weigh credibility while examining a motion for summary judgment,[77] which the Court is not inclined to do.

## IV. CONCLUSION

For the reasons stated above, Country's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 8th day of January, 2024, at Anchorage, Alaska.

                                       */s/ Joshua M. Kindred*
                                       JOSHUA M. KINDRED
                                       United States District Judge

---

[77] *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).

*Country Mut. Ins. Co. v. Kambic*                                        Case No. 3:21-cv-00042-JMK
Order Denying Motion for Summary Judgment                  Page 12
Case 3:21-cv-00042-JMK    Document 49    Filed 01/08/24    Page 12 of 12